# UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF COLUMBIA

Francie Fischer Malina         :
420 Riverview Road           :
Irvington, NY 10533          :
                                 :
and                            :
                                 :     Civil Action No. _____
Estate of Katherine Goff      :
by and through Kim Douglas   :
27562 Calle de la Rosa       :
San Juan Capistrano, CA 92675 :
                                 :
and                            :
                                 :
Jonathan S. Pollack         :
240 Madison Avenue, 8th Floor :
New York, NY 10016         :
                                 :
and                            :
                                 :
Estate of Miriam Peelle Kimmell  :
by and through Arthur Small    :
1868 Corniche Drive        :
Zionsville, IN 46077        :
                                 :
and                            :
                                 :
Estate of Rachel Peelle Small   :
by and through Arthur M. Small  :
1868 Corniche Drive        :
Zionsville, IN 46077        :
                                 :
and                            :
                                 :
Arthur Small                :
1868 Corniche Drive        :
Zionsville, IN 46077        :
                                 :
and                            :
                                 :
Richard Small             :
5899 Silas Court          :
Carmel, IN 46033          :
                                 :

and                                            :
                                               :
Shari Ruoff Kurtz                              :
8 Tarlton Drive                                :
Livingstone, NJ 07039                          :
                                               :
and                                            :
                                               :
Roberta Weindorf                               :
19013 Venture Drive                            :
Leander, TX 78645-8535                         :
                                               :
and                                            :
                                               :
Ronald Weindorf                                :
19013 Venture Drive                            :
Leander, TX 78645-8535                         :
                                               :
and                                            :
                                               :
Amy Sirkin Mulron                              :
242 Pelham Drive                               :
Brentwood, TN 37027                            :
                                               :
and                                            :
                                               :
Traci Kamil                                    :
476 13th Street                                :
Brooklyn, NY 11215                             :
                                               :
and                                            :
                                               :
Elizabeth Zollner                              :
1337 Corner Oaks Drive                         :
Brandon, FL 33510                              :
                                               :
                        Plaintiffs,            :
                                               :
v.                                             :
                                               :
SYRIAN ARAB REPUBLIC                           :
Damascus, SYRIA                                :
                                               :
and                                            :
                                               :
Syrian Air Force Intelligence                  :

2

Kafar Susa Roundabout                          :
Damascus, SYRIA                                :
                                               :
                          Defendants           :
. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . :

### COMPLAINT FOR COMPENSATORY AND PUNITIVE DAMAGES

Plaintiffs bring this action pursuant to the provisions of the Foreign Sovereign Immunities Act, 28 U.S.C. § 1602, *et seq.*

This action arises out of the injuries and deaths of Francie Fischer Malina, Katherine Goff, Jonathan S. Pollack, Miriam Peelle Kimmell, Shari Ruoff Kurtz, Roberta Weindorf, Ronald Weindorf, Amy Sirkin Mulron, Traci Kamil and Elizabeth Zollner, all of which resulted from the terrorist attack at the Leonardo da Vinci Airport, a/k/a Fiumicino Airport ("Rome Airport") in Rome, Italy on December 27, 1985 ("Rome Airport Attack"), which targeted the TWA and El Al check-in counters and was carried out simultaneously and in conjunction and coordination with a similar attack at the Schwechat Airport outside of Vienna, Austria ("Vienna Airport Attack"). Both the Rome Airport Attack and the Vienna Airport Attack were carried out by terrorists who were funded, aided and supported by the government of Syria, a state sponsor of terrorism at all times relevant to this action, and acted under the instruction and control of the Defendants while training and preparing for the airport attacks. The terrorists committed hostage taking, acts of torture and extrajudicial killings, as defined in the Torture Victim Protection Act ("TVPA"), 28 U.S.C. § 1350, during the airport attacks. Plaintiffs state in support of their Complaint and allege as follows:

3

## JURISDICTION AND VENUE

1.   Jurisdiction over the subject matter of this case arises under 28 U.S.C. §§ 1330 (a), 1331, 1332(a)(2) and 1605A.

2.   Defendants Syrian Arab Republic (hereinafter "Syria"), and the Syrian Air Force Intelligence are subject to suit in the courts of the United States as sponsors of and participants in the Abu Nidal Organization's ("ANO") activities pursuant to the Foreign Sovereign Immunities Act, as amended, (hereinafter "FSIA") 28 U.S.C. § 1602, *et seq.*.

3.   Venue is proper in this District pursuant to 28 U.S.C. § 1391(f)(4), which provides, in pertinent part, that a civil action against a foreign state may be brought in the United States District Court for the District of Columbia.

4.   Actions for wrongful death, personal injury and related torts perpetrated by foreign state sponsors of terrorism acting by and through their officials, employees and agents within the meaning of 28 U.S.C. § 1605A(a)(2)(A)(i) are unique causes of action arising out of the federal counter-terrorism statute(s), specifically §1605A(c), and applicable state common and statutory law.

## THE PARTIES

### A.      The Plaintiffs

5. This action is brought by the respective Plaintiffs, by and through their counsel, in the individual capacity of each Plaintiff and, as appropriate, in the capacity of each as representative of the estate, for their own benefit, for the benefit of each particular estate, and for the benefit and on behalf of all those legally entitled to assert a claim under the Foreign Sovereign Immunities Act, 28 U.S.C. § 1602 *et seq.*, and state common law and statutory law.

4

**Francie Fischer Malina**

6.     Plaintiff Francie Fischer Malina was at the time of the acts alleged and throughout her lifetime, and is now, a United States citizen, and now resides in the State of New York.  Francie Fischer Malina was, at all pertinent times alleged herein, a victim of "torture" as defined in the TVPA, 28 U.S.C. § 1350.  She suffered "personal injury" caused by the Defendants' actions, terrorist acts and activities as defined in 28 U.S.C. § 1605A.  Plaintiff Francie Fischer Malina can sue and be sued in this Court.

**The Goff Family**

7.     Plaintiff the Estate of Katherine Goff is represented in this action by and through Kim Douglas.  Katherine Goff was, at the time of the acts alleged and throughout her lifetime, and at the time of her death, a United States citizen, and, at the time of her death, was a resident of the State of California.  Katherine Goff was, at all pertinent times alleged herein, a victim of "torture" as defined in the TVPA, 28 U.S.C. § 1350.  She suffered "personal injury" caused by the Defendants' actions, terrorist acts and activities as defined in 28 U.S.C. § 1605A.  Plaintiff the Estate of Katherine Goff can sue and be sued in this Court.

**Jonathan S. Pollack**

8.     Plaintiff Jonathan S. Pollack was at the time of the acts alleged and throughout his lifetime, and is now, a United States citizen, and now resides in the State of New York.  Jonathan S. Pollack was, at all pertinent times alleged herein, a victim of "torture" as defined in the TVPA, 28 U.S.C. § 1350.  He suffered "personal injury" caused by the Defendants' actions, terrorist acts and activities as defined in 28 U.S.C. § 1605A.  Plaintiff Jonathan S. Pollack can sue and be sued in this Court.

**The Kimmell Family**

9.     Plaintiff the Estate of Miriam Peelle Kimmell is represented in this action by and through Arthur Small.  Miriam Peelle Kimmell was, at the time of the acts alleged and throughout her lifetime, and at the time of her death, a United States citizen, and, at the time of her death, a resident of the State of California.  Miriam Peelle Kimmell was, at all pertinent times alleged herein, a victim of "torture" as defined in the TVPA, 28 U.S.C. § 1350.  She suffered "personal injury" caused by the Defendants' actions, terrorist acts and activities as defined in 28 U.S.C. § 1605A.     Plaintiff the Estate of Miriam Peelle Kimmell can sue and be sued in this Court.

10. Plaintiff Arthur Small at all times relevant hereto was the son of Rachel Peelle Small.  Arthur Small is a United States citizen and currently resides in the State of Indiana.  Plaintiff, Arthur Small can sue and be sued in this Court.

11. Plaintiff Richard Small at all times relevant hereto was the son of Rachel Peelle Small.  Richard Small is a United States citizen who currently resides in the State of Indiana.  Plaintiff, Richard Small can sue and be sued in this Court.

12. Plaintiff Estate of Rachel Peelle Small is represented in this action by Arthur M. Small and Richard Small. Rachel Peelle Small at all times relevant hereto was the sister of Miriam Peelle Kimmell.   Rachel Peelle Small, throughout her lifetime, and at the time of her death, was a United States citizen, and at the time of her death resided in the State of Indiana.  Plaintiff, the Estate of Rachel Peelle Small can sue and be sued in this Court.

**Shari Ruoff Kurtz**

13.   Plaintiff Shari Ruoff Kurtzf was at the time of the acts alleged and throughout her lifetime, and is now, a United States citizen, and now resides in the State of New Jersey.  Shari Ruoff Kurtz  was, at all pertinent times alleged herein, a victim of "torture" as defined in the TVPA, 28 U.S.C. § 1350.  She suffered "personal injury" caused by the Defendants' actions, terrorist acts and activities as defined in 28 U.S.C. § 1605A. Plaintiff Shari Ruoff Kurtz can sue and be sued in this Court.

### The Weindorf Family

14.   Plaintiff Roberta Weindorf was, at the time of the acts alleged and throughout her lifetime, and is now, a United States citizen, and currently resides in the State of Texas.  At all pertinent times alleged herein, Roberta Weindorf was a victim of "torture" as defined in the TVPA, 28 U.S.C. § 1350.  She suffered "personal injury" caused by Defendants' actions, terrorist acts and activities as required by 28 U.S.C. § 1605A.  Plaintiff Roberta Weindorf is and was at all times relevant hereto the wife of Ronald Weindorf. Plaintiff Roberta Weindorf can sue and be sued in this Court.

15.   Plaintiff Ronald Weindorf was, at the time of the acts alleged and throughout his lifetime, and is now, a United States citizen, and currently resides in the State of Texas.  At all pertinent times alleged herein, Ronald Weindorf was a victim of "torture" as required by the TVPA, 28 U.S.C. § 1350.  He suffered "personal injury" resulting from Defendants' actions, terrorist acts and activities as required by 28 U.S.C. § 1605A.  Plaintiff Ronald Weindorf is and was at all times relevant hereto the husband of Roberta Weindorf.  Ronald Weindorf can sue and be sued in this Court.

**Amy Sirkin Mulron**

16. Plaintiff Amy Sirkin Mulron was, at the time of the acts alleged and throughout her lifetime, and is now, a United States citizen, and currently resides in the State of Tennessee. At all pertinent times alleged herein, Amy Sirkin Mulron was a victim of "torture" as defined in the TVPA, 28 U.S.C. § 1350. She suffered "personal injury" caused by Defendants' actions, terrorist acts and activities as required by 28 U.S.C. § 1605A. Plaintiff Amy Sirkin Mulron can sue and be sued in this Court.

**Traci Kamil**

17. Plaintiff Traci Kamil was, at the time of the acts alleged and throughout her lifetime, and is now, a United States citizen, and currently resides in the State of New York. At all pertinent times alleged herein, Traci Kamil was a victim of "torture" as defined in the TVPA, 28 U.S.C. § 1350. She suffered "personal injury" caused by Defendants' actions, terrorist acts and activities as required by 28 U.S.C. § 1605A. Plaintiff Traci Kamil can sue and be sued in this Court.

**Elizabeth Zollner**

18. Plaintiff Elizabeth Zollner was, at the time of the acts alleged and throughout her lifetime, and is now, a United States citizen, and currently resides in the State of Florida. At all pertinent times alleged herein, Elizabeth Zollner was a victim of "torture" as defined in the TVPA, 28 U.S.C. § 1350. She suffered "personal injury" caused by Defendants' actions, terrorist acts and activities as required by 28 U.S.C. § 1605A. Plaintiff Elizabeth Zollner can sue and be sued in this Court.

**B.**     **The Defendants**

19. Defendant Syria is a foreign state that has been designated and continues to remain designated as a state sponsor of terrorism pursuant to section 60 of the Export Administration Act of 1979, 50 U.S.C. App. § 2405, section 620(A) of the Foreign Assistance Act of 1961, 22 U.S.C. § 2371, and section 40 of the Arms Export Control Act, since December 29, 1979.  Syria, at all times pertinent to this action, provided material support and resources to the ANO.  Abu Nidal, at all times pertinent to this action has operated in, among other places, Libya, Iraq, Lebanon, and Syria, carrying out both militant terrorist operations and a campaign of terrorism.  This terrorist campaign includes, but is not limited to, attacks in 20 countries, which have killed or injured almost 900 persons.  Targets included persons in the United States, the United Kingdom, France, Israel, Austria, Italy, as well as moderate Palestinians, the PLO and various persons and other countries. Syria, through its actions caused the personal injuries and deaths described above, within the meaning of 28 U.S.C. § 1605A, by providing ANO with funding, direction, support, encouragement, safe haven and/or training for its terrorist activities.

20. Defendant Syrian Air Force Intelligence is the Syrian intelligence services through which Syria sponsored Abu Nidal, which caused the terrorist acts described herein.

21. Defendants Syria and the Syrian Air Force Intelligence, are directly and/or vicariously responsible for the actions of their co-defendants because they sponsored the Abu Nidal Organization.  Accordingly, Defendants are jointly and severally liable to Plaintiffs.

## THE ROME AIRPORT ATTACK

22. On December 27, 1985, shortly after 9 a.m., four terrorists from the Abu Nidal Organization, with the aid, support, encouragement and involvement of the various named Defendants, stormed the International Flights terminal of the Leonardo Da Vinci Airport in Rome, Italy, brandishing Kalashnikov submachine rifles and type F1 hand grenades, which they had smuggled into the airport. As is described more particularly below, the Defendants provided direct and indirect material support for the planning and operation of this terrorist attack.

23. Before commencing their attack upon the Rome Airport, the terrorists divided themselves into two pairs of attackers, so that both pairs could enter simultaneously through two different entrances and head for their intended targets, the check-in counters for TWA and El Al Airlines.

24. One pair emerged from a tunnel that lead to the terminal entrance labeled "35-36-37-38" in a burst of gunfire and exploding hand grenades, aiming for the passengers waiting at the TWA and El Al check-in counters.

25. The other pair entered through the terminal entrance marked "31-32-33-34" and opened fire on passengers standing in front of a bar/restaurant near the counters.

26. When the terrorists paused, allowing for their identification amidst the passengers' confusion and distress, airport security agents for El Al Airlines fired shots aimed for the terrorists, killing three of them.

27. Ultimately 13 people were killed and 75 wounded in the Rome Airport Attack, among them women, children and the elderly.

28. A simultaneous attack was executed by ANO terrorists employing the same strategy at the Schwechat Airport in Vienna, Austria, killing an additional three people and wounding 30.

29. On the same day that the Rome and Vienna airport attacks were carried out, December 27, 1985, the ANO claimed responsibility for both massacres.

30. The sole surviving terrorist in the Rome Airport Attack, Khaled Ibrahim Mahmood a/k/a Al Hasan, Mohamed Sorhan Abdallah, Mohamed Weled Hussein Al Abdallah, Issa Suleiman Abdallah, or Ahmed Hussein Al Ajlan ("Khaled") was arrested and prosecuted criminally in Italy in connection with the massacre at Rome's Leonardo da Vinci Airport.

31. On February 12, 1988, he was convicted by an Italian court of committing an act of terrorism, in addition to other related criminal offenses, and sentenced to 30 years imprisonment and 1.5 million Italian lire in fines.

32. At his trial, Khaled admitted to being a member of the Abu Nidal Organization since the age of 11, and to participating in several ANO terrorist attacks, including the grenade attack on Rome's Café de Paris on September 10, 1985, during which the terrorists used the same type F1 grenades used in the Rome Airport Attack, the Vienna Airport Attack, and the hijacking of Egypt Air Flight 648 on November 23, 1985, all of which were directly supported by the government of Syria.

33. Khaled also described in detail the planning and execution of the Rome Airport Attack.

34. He and the other members of his hit team were trained with the terrorists who conducted the Vienna Airport Attack at an ANO training camp in Syrian-controlled Lebanon.

35. During this training, he learned of a plan to conduct terrorist attacks at airports and tourist attractions frequented by Americans and Israelis, including an airport in Madrid, Spain.

36. Khaled was unavailable for the Madrid attack, but did not learn of anticipated role in the Rome Airport Attack until he arrived in Italy.

37. Upon conclusion of his training in Syria, Khaled met ANO leaders in charge of foreign operations and training at an apartment in Damascus, Syria, which served as the ANO's departure base for foreign operations.

38. He received airline tickets for travel to Rome as well as fake Moroccan passports before departing the foreign operations base.

39. Upon arriving in Rome, Khaled met with ANO contacts Al Hamieda Rashid, a/k/a Mohamed Fouad ("Fouad") and Abu Mithkal ("ANO contacts") who provided him and his hit team members with weapons and operational instructions.

40. Khaled and his hit team learned of the objective of their attack, and were instructed to kill as many Americans and Jews as possible.

41. While waiting to commit the attack, Khaled communicated by telephone with handlers in Syria.

42. The night before the attack, December 26, 1985, Khaled and another terrorist met Fouad and turned over their fake Moroccan passports.

12

43. The three went to Leonardo da Vinci Airport at approximately 11 p.m. to do a final check of the property, and Fouad identified the TWA and El Al counters.

44. On the morning of December 27, 1985, Khaled met his hit team and Fouad, each with the exception of Fouad carrying one or more suitcases holding smuggled weapons and personal belongings.

45.   They arrived at the airport at seven minutes before 9 a.m. and commenced the attack as ordered at 9:00 a.m., local time, in coordination with the Vienna Airport Attack.

46. The United States Department of State, Bureau of Public Affairs, Office of the Historian, in its report of Significant Terrorist Incidents, 1961- 2003, lists the Rome Airport Attack and the Vienna Airport Attack on December 27, 1985 as terrorist attacks that were conducted by the Abu Nidal Organization.

47. Background Information on Foreign Terrorist Organizations, released by the Office of Counterterrorism, of the United States Department of State, indicates that the ANO has received considerable support, including safe haven, training, logistical assistance, and/or financial aid from the State of Syria, and others.

48.   The instances of physical violence inflicted upon Francie Fischer Malina, Katherine Goff, Jonathan S. Pollack, Miriam Peelle Kimmell, Shari Ruoff Kurtz, Roberta Weindorf, Ronald Weindorf, Amy Sirkin Mulron, Traci Kamil and Elizabeth Zollner were undertaken intentionally for the purpose of furthering the objectives of the government of Syria and the terrorist objectives of the ANO, and such acts therefore constitute attempted extrajudicial killings, as well as hostage taking and "torture" as defined in the TVPA.

13

## DEFENDANTS' SPONSORSHIP AND SUPPORT FOR
## THE ABU NIDAL ORGANIZATION

49. The government of Syria, sponsored and supported the Abu Nidal Organization, a/k/a Black June, Black September, the Fatah Revolutionary Council, the Arab Revolutionary Council, the Arab Revolutionary Brigades, and/or the Revolutionary Organization of Socialist Muslims, a known terrorist organization which was headed by Sabri Al Bana a/k/a Abu Nidal, prior to and at the time of the Rome and Vienna airport attacks.

50. Syria has used threats of terrorism, its material support and operational assistance for terrorist attacks, and actual terrorist violence as a means of political opposition, specifically targeting the United States, Israel and other countries.

51. Syria supported radical terrorist groups generally by providing terrorist training outside of Syria and by operating terrorist training camps in the Bek'ka Valley along the Syrian/Lebanese border in order to train, instruct, support and educate terrorists on the use of explosive devices, hijacking, assassination, and various commando and guerrilla techniques, in addition to abusing its diplomatic privileges by, among other things, storing arms and explosives at its diplomatic establishments.

52. Throughout the 1980s, both directly and through material support and resources provided to terrorist organizations such as ANO, Syria engaged in a concerted campaign of terrorist activities directed at the United States, Europe, Israel and their allies.

53. The Abu Nidal Organization was, at all times relevant hereto, among the most dangerous and violent of the terrorist organizations supported by Syria, engaging in indiscriminate violence against bystanders, including children.

14

54. As of February 1989, the ANO had conducted terrorist attacks in more than 20 countries on three continents, killing more than 300 people and injuring at least 650.

55. In the mid-1980-s ANO leadership maintained its headquarters in Damascus, Syria.

56. The sponsorship by the government of Syria included, among other things, the provision of training in Syrian sponsored ANO terrorist training camps, military and general intelligence, travel documents, safe haven and free passage in and through Syrian controlled territory.

57. Syria further provided general material support to the ANO by providing the ANO with funds, travel documents, aid, training support and protection at several facilities, including those located in the Bek'ka Valley in or near Syria and/or Lebanon.

58. The sole surviving hijacker of the Rome Airport Attack, Khaled Ibrahim Mahmood, confirmed that he and the other three members of his hit team, in addition to the terrorists who carried out the Vienna Airport Attack, were trained in Syrian-occupied Lebanon by Syrians.

59. Syria also permitted ANO operatives to maintain an apartment in Damascus, where ANO terrorists would regularly stay before departing on terrorist missions.

60. It was customary for ANO terrorists to stay in this apartment during the organizational phase of a given terrorist attack, and remain there until departing to conduct the attack.

61. Khaled confirmed that he stayed in this departure base prior to leaving for Italy to commit the Rome Airport Attack.

62. Had the attack not taken place as planned, or had Khaled escaped, he, as a member of the ANO foreign operations committee, would have called the ANO's apartment in Damascus which served as the departure base for foreign operations to receive further instructions.

63. The United States Department of State, Office of the Secretary of State, Ambassador-At-Large for Counter-Terrorism, concluded that the ANO conducted the Rome Airport Attack and the Vienna Airport Attack, classifying these terrorist attacks as among the most brutal examples of ANO violence.

64. The Defense Intelligence Agency of the United States Department of Defense, and other intelligence agencies of the United States government, determined that the Abu Nidal Organization was sponsored by the government of Syria.

65. The provision of material support and resources to the ANO, a known terrorist organization, by the government of Syria, acting directly and by and through their individual governmental representatives, constitute violations of applicable and numerous United States laws, thereby rendering the government of Syria, and its governmental agency named as co-Defendants herein, jointly and severally liable for their illegal acts and deeds, all to the damage of the Plaintiffs, and each of them, thereby entitling each to Judgment against each of the Defendants, jointly and severally, as prayed for in the within Complaint.

## COUNT I- 28 U.S.C. §1605A(c)

### (As to All Plaintiffs)

66. Plaintiffs repeat, re-allege and incorporate by reference those facts and allegations set forth in all the foregoing paragraphs as if fully set forth herein.

67. On December 27, 1985, members of the ANO supported and aided by the Defendants, willfully, violently and forcefully committed terrorist acts at the International Flights terminal of the Leonardo da Vinci Airport in Rome, Italy with the express purpose of inflicting, personal injury, severe pain, suffering, death and severe emotional injuries.

68.  In addition, the acts of assaulting, terrorizing and holding Francie Fischer Malina, Katherine Goff, Jonathan S. Pollack, Miriam Peelle Kimmell, Shari Ruoff Kurtz, Roberta Weindorf, Ronald Weindorf, Amy Sirkin Mulron, Traci Kamil and Elizabeth Zollner captive and each and all of the acts set forth above, constituted extreme and outrageous conduct with the intent to inflict emotional distress upon them and emotional distress, including solatium, upon members of their families.  Further, these acts were undertaken for the purpose of causing severe mental duress and suffering, including solatium damages, upon the members of their families.

69.  The willful, wrongful and intentional acts of Abu Nidal terrorists were sponsored and directed by Syria, as well as the Syrian Air Force Intelligence.

70. As a direct and proximate result of the willful, wrongful and intentional acts of the ANO members, whose acts were sponsored, aided and directed by Syria, as well as the Syrian Air Force Intelligence, Plaintiffs Francie Fischer Malina, Katherine Goff, Jonathan S. Pollack, Miriam Peelle Kimmell, Shari Ruoff Kurtz, Roberta Weindorf, Ronald Weindorf, Amy Sirkin Mulron, Traci Kamil and Elizabeth Zollner were injured and/or killed in that they and their families endured extreme mental anguish, physical injury and pain and suffering, all to their damage.

WHEREFORE, Plaintiffs, and each of them, on behalf of the estates and heirs of Katherine Goff and Miriam Peelle Kimmell respectively, and on behalf of Francie Fischer Malina, Jonathan S. Pollack, Shari Ruoff Kurtz, Roberta Weindorf, Ronald Weindorf, Amy Sirkin Mulron, Traci Kamil and Elizabeth Zollner demand that judgment be entered, jointly and severally, against Defendants for the damages they suffered, including, but not limited to, pain, suffering, mental anguish, and pecuniary losses, in the amount of **ONE HUNDRED MILLION ($100,000,000.00) US Dollars** for each of them, on this Count I, and their costs expended; as to each of their, mothers, father, sisters, brothers, daughters, spouses and sons above named, above in the amount of **TEN MILLION DOLLARS ($10,000,000.00)** for each and every one of them, on this Count I, and their costs expended, including attorneys' fees.

## COUNT II – BATTERY

### (Under 28 U.S.C. §1605A(c) and State Law)

### (As to All Plaintiffs)

71. Plaintiffs repeat, reallege and incorporate by reference those facts and allegations set forth in all the foregoing paragraphs as if fully set forth herein.

72. On December 27, 1985, members of the ANO willfully, violently and forcefully committed terrorist acts at the International Flights terminal of the Leonardo da Vinci Airport in Rome, Italy with the express purpose of inflicting severe pain and suffering and death.  Francie Fischer Malina, Katherine Goff, Jonathan S. Pollack, Miriam Peelle Kimmell, Shari Ruoff Kurtz, Roberta Weindorf, Ronald Weindorf, Amy Sirkin Mulron, Traci Kamil and Elizabeth Zollner were present at the terminal and were accordingly seized against their will.  The willful, wrongful and intentional acts of Abu

18

Nidal were sponsored by Syria and the Syrian Air Force Intelligence, and constituted a battery upon the person(s) of Francie Fischer Malina, Katherine Goff, Jonathan S. Pollack, Miriam Peelle Kimmell, Shari Ruoff Kurtz, Roberta Weindorf, Ronald Weindorf, Amy Sirkin Mulron, Traci Kamil and Elizabeth Zollner causing injury to them as set forth above.

73. As a direct and proximate result of the willful, wrongful and intentional acts of the ANO members, whose acts were sponsored by Syria and the Syrian Air Force Intelligence, Plaintiffs Francie Fischer Malina, Katherine Goff, Jonathan S. Pollack, Miriam Peelle Kimmell, Shari Ruoff Kurtz, Roberta Weindorf, Ronald Weindorf, Amy Sirkin Mulron, Traci Kamil and Elizabeth Zollner were injured in that they endured extreme mental anguish, physical injury and pain and suffering, all to their damage.

**WHEREFORE,** Plaintiffs, and each of them, on behalf of the estates and heirs of Katherine Goff and Miriam Peelle Kimmell respectively, and on behalf of Francie Fischer Malina, Jonathan S. Pollack, Shari Ruoff Kurtz, Roberta Weindorf, Ronald Weindorf, Amy Sirkin Mulron, Traci Kamil and Elizabeth Zollner demands that judgment be entered, jointly and severally, against the Defendants for the damages they suffered, including, but not limited to, pain, suffering, mental anguish, loss of life and/or limb, permanent and disabling disfigurement and physical injuries as well as pecuniary losses, in the amount of **FIFTY MILLION ($50,000,000.00) US Dollars** for each of them, on this Count II, and their costs expended, including attorneys fees.

## COUNT III – ASSAULT

### (Under 28 U.S.C. §1605A(c) and State Law)

### (As to All Plaintiffs)

74. Plaintiffs repeat, reallege and incorporate by reference those facts and allegations set forth in paragraphs in all the forgoing paragraphs as if fully set forth herein.

75. During the Rome Airport Attack, the ANO terrorists intentionally and willfully put Francie Fischer Malina, Katherine Goff, Jonathan S. Pollack, Miriam Peelle Kimmell, Shari Ruoff Kurtz, Roberta Weindorf, Ronald Weindorf, Amy Sirkin Mulron, Traci Kamil and Elizabeth Zollner in fear for their lives and apprehension of harm and injury as a direct result of the terrorists' actions in brandishing and firing weapons and explosives, and the physical and mental abuse they inflicted upon them.

76. As a direct and proximate result of the willful, wrongful and intentional acts of the ANO members, whose acts were sponsored by Syria and the Syrian Air Force Intelligence, Plaintiffs Francie Fischer Malina, Katherine Goff, Jonathan S. Pollack, Miriam Peelle Kimmell, Shari Ruoff Kurtz, Roberta Weindorf, Ronald Weindorf, Amy Sirkin Mulron, Traci Kamil and Elizabeth Zollner were injured in that they endured extreme mental anguish, physical injury and pain and suffering, all to their damage.

**WHEREFORE,** Plaintiffs, and each of them, on behalf of the estates and heirs of Katherine Goff and Miriam Peelle Kimmell respectively, and on behalf of Francie Fischer Malina, Jonathan S. Pollack, Shari Ruoff Kurtz, Roberta Weindorf, Ronald Weindorf, Amy Sirkin Mulron, Traci Kamil and Elizabeth Zollner demand that judgment be entered, jointly and severally, against the Defendants for the damages they suffered,

including, but not limited to, pain, suffering, mental anguish, and pecuniary losses, in the amount of **ONE HUNDRED MILLION ($100,000,000.00) US Dollars** for each of them, on this Count III, and their costs expended, including attorney's fees.

## COUNT IV – INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS, INCLUDING SOLATIUM

### (Under 28 U.S.C. §1605A(c) and State Law)

### (As to All Plaintiffs)

77. Plaintiffs repeat, reallege and incorporate by reference those facts and allegations set forth in all of the forgoing paragraphs as if fully set forth.

78. The acts of terrorizing and holding Francie Fischer Malina, Katherine Goff, Jonathan S. Pollack, Miriam Peelle Kimmell, Shari Ruoff Kurtz, Roberta Weindorf, Ronald Weindorf, Amy Sirkin Mulron, Traci Kamil and Elizabeth Zollner captive and each and all of the acts set forth above, constituted extreme and outrageous conduct with the intent to inflict emotional distress upon them and emotional distress, including solatium, upon members of their families. Further these acts were undertaken for the purpose of causing mental duress and suffering, including solatium, upon the members of their families, all to their damage.

79. As a direct result and proximate result of the willful, wrongful and intentional acts of the ANO, whose acts were sponsored by Syria and the Syrian Air Force Intelligence, Plaintiffs Francie Fischer Malina, Katherine Goff, Jonathan S. Pollack, Miriam Peelle Kimmell, Shari Ruoff Kurtz, Roberta Weindorf, Ronald Weindorf, Amy Sirkin Mulron, Traci Kamil, and Elizabeth Zollner and their families, as above set forth, were each caused to suffer severe emotional distress, all to their damage.

**WHEREFORE,** Plaintiffs, and each of them, on behalf of the estates and heirs of Katherine Goff and Miriam Peelle Kimmell respectively, and on behalf of Francie Fischer Malina, Jonathan S. Pollack, Shari Ruoff Kurtz, Roberta Weindorf, Ronald Weindorf, Amy Sirkin Mulron, Traci Kamil and Elizabeth Zollner demand that judgment be entered, jointly and severally, against Defendants for the damages they suffered, including, but not limited to, pain, suffering, mental anguish, and pecuniary losses, in the amount of **ONE HUNDRED MILLION ($100,000,000.00) US Dollars** for each of them, on this Count IV, and their costs expended; as to each of their, mothers, father, sisters, brothers, daughters, spouses and sons above named, above in the amount of **TEN MILLION DOLLARS ($10,000,000.00)** for each and every one of them, on this Count IV, and their costs expended, including attorney's fees.

## COUNT V – ACTION FOR CIVIL CONSPIRACY

### (Under 28 U.S.C §1605A(c) and State Law)

### (As to All Plaintiffs)

80. Plaintiffs repeat, reallege and incorporate by reference those facts and allegations set forth in each of the foregoing paragraphs as if fully set forth.

81. Defendants Syria, and the Syrian Air Force Intelligence, did knowingly and willfully conspire with and/or agree to sponsor a terrorist organization, within the meaning of 28 U.S.C. § 1605A. Said terrorist organization willfully and deliberately committed an act of terrorism, which caused the injuries of Francie Fischer Malina, Katherine Goff, Jonathan S. Pollack, Miriam Peelle Kimmell, Shari Ruoff Kurtz, Roberta Weindorf, Ronald Weindorf, Amy Sirkin Mulron, Traci Kamil and Elizabeth Zollner, all to their damage.

82. For the reasons stated above, and having conspired to sponsor the terrorist organization which willfully and deliberately committed an act of terrorism which caused the injuries of Francie Fischer Malina, Katherine Goff, Jonathan S. Pollack, Miriam Peelle Kimmell, Shari Ruoff Kurtz, Roberta Weindorf, Ronald Weindorf, Amy Sirkin Mulron, Traci Kamil and Elizabeth Zollner, all defendants are jointly and severally liable to plaintiffs for all damages in this civil action.

**WHEREFORE,** Plaintiffs, and each of them, on behalf of the estates and heirs of Katherine Goff and Miriam Peelle Kimmell respectively, and on behalf of Francie Fischer Malina, Jonathan S. Pollack, Shari Ruoff Kurtz, Roberta Weindorf, Ronald Weindorf, Amy Sirkin Mulron, Traci Kamil and Elizabeth Zollner demand that judgment be entered, jointly and severally, against Defendants in the amount of **ONE HUNDRED FIFTY MILLION ($150,000,000.00) DOLLARS** for each of them, on this Count V, and their costs expended, including attorney's fees.

## COUNT VI – ACTION FOR AIDING AND ABETTING

### (Under 28 U.S.C. §1605A(c) and State Law)

### (As to All Plaintiffs)

83. Plaintiffs repeat, reallege and incorporate by reference those facts and allegations set forth in each of the foregoing paragraphs as if fully set forth.

84. Defendants Syria and the Syrian Air Force Intelligence did knowingly and willfully provide substantial assistance, material support and sponsor a terrorist organization within the meaning of 28 U.S.C. § 1605A, which terrorist organization willfully and deliberately committed an act of terrorism, which caused the injuries of Francie Fischer Malina, Katherine Goff, Jonathan S. Pollack, Miriam Peelle Kimmell,

23

Shari Ruoff Kurtz, Roberta Weindorf, Ronald Weindorf, Amy Sirkin Mulron, Traci Kamil and Elizabeth Zollner, all to their damage.

85. For the reasons stated above, and having aided and abetted a terrorist organization which willfully and deliberately committed an act of terrorism which caused the injuries of Francie Fischer Malina, Katherine Goff, Jonathan S. Pollack, Miriam Peelle Kimmell, Shari Ruoff Kurtz, Roberta Weindorf, Ronald Weindorf, Amy Sirkin Mulron, Traci Kamil and Elizabeth Zollner, all defendants are jointly and severally liable to plaintiffs for all damages in this civil action.

WHEREFORE, Plaintiffs, and each of them, on behalf of the estates and heirs of Katherine Goff and Miriam Peelle Kimmell respectively, and on behalf of Francie Fischer Malina, Jonathan S. Pollack, Shari Ruoff Kurtz, Roberta Weindorf, Ronald Weindorf, Amy Sirkin Mulron, Traci Kamil and Elizabeth Zollner, demand that judgment be entered, jointly and severally, against Defendants in the amount of **ONE HUNDRED FIFTY MILLION ($150,000,000.00) DOLLARS** for each of them, on this Count VI, and their costs expended, including attorney's fees.

### COUNT VII – PUNITIVE DAMAGES

### (Under 28 U.S.C. §1605A(c) and State Law)

#### (As to All Plaintiffs)

86. Plaintiffs repeat, reallege and incorporate by reference those facts and allegations set forth in each of the foregoing paragraphs as if fully set forth.

87. The actions of the ANO, as above set forth, were intentional and malicious and in willful, wanton and reckless disregard of the rights and well being of Francie Fischer Malina, Katherine Goff, Jonathan S. Pollack, Miriam Peelle Kimmell, Shari

Ruoff Kurtz, Roberta Weindorf, Ronald Weindorf, Amy Sirkin Mulron, Traci Kamil and Elizabeth Zollner, all to their damage  The acts of the ANO were facilitated by funding, training, aid, support and sponsorship by Syria and the Syrian Air Force Intelligence,

88. In providing such Syria and the Syrian Air Force Intelligence rendered material support to those actually carrying out the acts above described.  The Plaintiffs are entitled to an award of punitive damages and same is hereby requested against the defendants, jointly and severally, in accordance with the provisions of 28 U.S.C. §1605A making the foreign states that are or were state sponsors of terrorism, and their officials, employees, or agents of a nation which has been liable for punitive damages under the factual circumstances as occurred during the course of committing these heinous and horrible acts of terrorism.

**WHEREFORE,** Plaintiffs, and each of them, on behalf of the estates and heirs of Katherine Goff and Miriam Peelle Kimmell respectively, and on behalf of Francie Fischer Malina, Jonathan S. Pollack, Shari Ruoff Kurtz, Roberta Weindorf, Ronald Weindorf, Amy Sirkin Mulron, Traci Kamil and Elizabeth Zollner, and each of them, demand that judgment be entered, jointly and severally, against Defendants in the amount of **ONE BILLION US DOLLARS ($1,000,000,000.00)** for each of them, as punitive damages on this Count VII, and their costs expended, including attorney's fees.

The award of punitive damages, as requested, is to punish Syria and , the Syrian Air Force Intelligence for their conduct in supporting terrorism and the terrorist murderous acts described herein, and to send a message to them and others that the United States of America and its citizens respond to the lawless acts of terror and murder with the application of orderly justice.

## ADDITIONAL RELIEF REQUESTED

Plaintiffs request leave of Court to amend this Complaint, and for such further and other relief to which the Plaintiffs may be entitled, including prejudgment interest, as the interests of justice require.

**WHEREFORE,** Plaintiffs requests judgment against the Defendants as follows:

1.   Judgment against the Defendants, jointly and severally, for the damages to which the Plaintiffs are each entitled under the laws of the United States of America in amounts as prayed for herein, and as shall be proven at trial.

2.   Judgment against Defendants, jointly and severally, for punitive damages and to which each and all of the Plaintiffs may be and are entitled under applicable law, all in an amount prayed for herein and as shall be determined at trial.

3.   Judgment against the Defendants, jointly and severally, for all costs expended herein.

4.   Judgment against the Defendants, jointly and severally, for reasonable attorneys' fees incurred incident hereto.

5.   Interest thereon at the legal rate from date of the loss, December 27, 1985 and/or from date of judgment until paid in full.

6.   Judgment against Defendants, jointly and severally, for any and all other relief to which Plaintiffs may be entitled.

7.   That lis pendens notice of action may issue and be noted and enforced by the Court.

8.  Leave of Court to amend this Complaint as the interests of justice require.

Dated: January 14, 2011

Respectfully Submitted,

HEIDEMAN NUDELMAN
& KALIK, P.C.
1146 19th Street, NW, 5th Floor
Washington, DC 20036
Telephone: 202-463-1818
Telefax:    202-463-2999

By: _____

    Richard D. Heideman (No. 377462)
    Noel J. Nudelman (No. 449969)
    Tracy Reichman Kalik (No. 462055)
    Matthew S. Apfel (No. 989610)

Steven R. Perles (No. 326975)
Edward MacAllister  (No. 494558)
PERLES LAW FIRM, PC
1146 19th Street, NW, 5th Floor
Washington, DC 20036
Telephone: 202-955-9055
Telefax:    202-955-3806

*Of Counsel for Plaintiffs:*

F. R. Jenkins (Virginia Bar No. 36302)
Meridian 361 International Law
Group, PLLC
Temple Court Chambers
2 Dr. Johnson's Buildings
Inner Temple
London EC4Y 7AY
United Kingdom
Telephone: 866-338-7087
Facsimile: 202-315-3894